(No. 48242.—

THE PEOPLE *ex rel.* PHILLIPS PETROLEUM COMPANY, Petitioner, v. JOHN GITCHOFF, Judge, *et al.*, Respondents.

*Opinion filed November 24, 1976.*

Robert D. Owen and Marshall A. Susler, of Owen, Roberts, Susler & Taylor, of Decatur, for petitioner.

William H. Schrader, of Heinke & Schrader, of Chicago (William J. Harte, Ltd., and Kevin M. Forde, Ltd., of counsel), for respondents.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

This original petition for a writ of *mandamus,* which we permitted Phillips Petroleum Company to file, presents questions regarding the orderly and efficient administration of justice in the circuit court system of this State. A judge of the circuit court in Macon County, on Phillips' motion and over the objections of Norfolk and Western Railway Company, several employees of Norfolk and Western, and Marcia J. Rucker, administratrix of the estate of Clyde G. Rucker, entered an order consolidating a counterclaim pending in the circuit court of Madison County with a complaint pending in the circuit court in Macon County. Thereafter, however, a circuit judge in Madison County entered an order directing that the clerk of that court not transmit the record pertaining to the counterclaim to the circuit clerk in Macon County. Phillips seeks a writ of *mandamus* requiring the judge and clerk of the Madison County circuit court to comply with the

consolidation order, and directing Norfolk and Western to take no further action in Madison County to interfere with orders entered in the consolidated Macon County action.

This petition arises out of litigation concerning a devastating explosion on July 19, 1974, in the Norfolk and Western railroad yards in Decatur, Macon County, Illinois. The source of the explosion was a punctured tank car owned by General American Transportation Company (GATX) and leased to Phillips. The tank car loaded with liquified petroleum gas had been received by the railroad in adjoining Douglas County at Tuscola and was involved in switching operations in the east Decatur yard of Norfolk and Western when it was struck by another car. At least nine lawsuits are currently pending seeking damages for death or injury to persons or property as a consequence of the explosion: one in the United States District Court in Alton, one in the circuit court in Cook County, one in the circuit court in Madison County, and at least six in the circuit court in Macon County. The Madison County action was initially brought only against Norfolk and Western on October 15, 1974, under the Federal Employers' Liability Act (45 U.S.C.A. secs. 51-60 (1972)) and the Safety Appliance Act (45 U.S.C.A. secs. 1-46 (1972)) by Marcia J. Rucker, as administratrix of the estate of her former husband, Clyde G. Rucker, who was killed as a result of the explosion. Rucker was a Norfolk and Western employee at the time and a resident of Macon County. In amended complaints filed in February and April, 1975, GATX and Phillips respectively were added as defendants in the Rucker action. As of the time of oral argument before this court, Phillips had not been made a defendant in any other lawsuit arising out of the explosion.

On September 5, 1975, Phillips filed suit in the circuit court of Macon County against Norfolk and Western and three of its employees seeking a declaratory judgment establishing ultimate liability for the explosion and indemnity for any judgment that may be entered against it in the

Rucker or other actions. Phillips asserts three theories of indemnity: passive negligence, and implied and express contract based on a bill of lading. No other suits for indemnity were then pending.

On September 25, 1975, Norfolk and Western filed a counterclaim (Ill. Rev. Stat. 1973, ch. 110, par. 38) against GATX and Phillips in the Rucker action pending in the Madison County court. In it Norfolk and Western seeks indemnity based on passive negligence and products liability theories for all damages arising out of the Decatur explosion, including, but not limited to, the Rucker action. Motions to dismiss both the Macon County complaint and the Madison County counterclaim are still pending.

Phillips' motion for consolidation was filed in October, 1975, in the Macon County action. GATX, not a party initially in the Macon County indemnity action, consented to the consolidation and entered its appearance. After hearing objections of other parties, the court ordered the consolidation and expressly found that the Phillips complaint preceded the Norfolk and Western counterclaim; the indemnity claims asserted in each action were the same; the great preponderance of the many occurrence witnesses reside in and about Decatur; the convenience of the court, jurors and witnesses would be best served by a consolidation in Macon County; and no substantial right of any party would thereby be prejudiced. Norfolk and Western unsuccessfully sought leave to appeal this interlocutory order to the Appellate Court for the Fourth District under our Rule 308 (58 Ill. 2d R. 308). When the judge and clerk of the circuit court in Madison County, shortly thereafter, refused to transfer the counterclaim for consolidation, Phillips initiated the present petition.

Norfolk and Western first contends the Macon County court should have declined jurisdiction over Phillips' suit for indemnity in view of the pending FELA action in Madison County where Phillips, GATX, and Norfolk and

Western were all parties defendant, even though the indemnity issue had not there been raised. This court's decision in *People ex rel. East Side Levee and Sanitary District v. Madison County Levee and Sanitary District* (1973), 54 Ill. 2d 442, is said to be dispositive. There the East Side Levee and Sanitary District, which served parts of Madison and St. Clair Counties, was by legislation divided into two separate districts, each of which would serve a single county. A dispute arose and the original district sued in the circuit court in St. Clair County to declare the legislation unconstitutional and to restrain the Governor from appointing trustees in the newly created districts. That court issued a temporary restraining order and set the matter for hearing. Thereafter, the not yet organized Madison County Levee and Sanitary District, a defendant in St. Clair County, filed a complaint in the circuit court in Madison County to restrain the disbursement of funds by the East Side and proposed St. Clair districts pending a decision concerning the questioned legislation. That court accepted jurisdiction and entered a temporary restraining order as requested. We held that:

"*** the clearly proper course of action for the Madison County court was to decline jurisdiction in light of the pending St. Clair County litigation in which precisely the same relief could have been sought. (*E.g., Leonard v. Bye* (1935), 361 Ill. 185; *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286.)" 54 Ill. 2d 442, 445.

*People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, relied on in *East Side Levee,* concerned a dispute over the custody of a minor child. Custody had been awarded to the father by a South Carolina court, but the mother brought the child to Illinois, her former home, and filed an action in the circuit court in Cook County, asking that custody be transferred to her. The court entered an *ex parte* temporary injunction restraining the father from interfering with the child's custody until further order of

the court. Shortly thereafter, the father brought a *habeas corpus* action in the circuit court in Du Page County, seeking to retain custody of the child. That action proceeded to judgment in favor of the father after the Du Page court denied the mother's motion to dismiss the petition on the ground that a prior action was pending between the parties. (Ill. Rev. Stat. 1963, ch. 110, par. 48(1)(c).) On review of the *habeas corpus* action, this court reversed the judgment, holding that the Du Page court could not ignore the action pending in Cook County, where the father could have achieved the same result he sought in Du Page County. 34 Ill. 2d 286, 292.

The decision in *Lehman* is based on section 48(1)(c) of the Civil Practice Act, which is designed to promote orderly procedure by preventing a multiplicity of actions. That section provides that a defendant may file a motion for dismissal of an action on the ground that "there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(c).) Neither the parties nor the causes need be identical; a substantial similarity will suffice. (*Skolnick v. Martin* (1964), 32 Ill. 2d 55, 57; *Baker v. Salomon* (1st Dist. 1975), 31 Ill. App. 3d 278, 280-82.) *East Side Levee,* while citing *Lehman,* manifests this court's concern for the orderly and efficient administration of justice even apart from section 48(1)(c).

The FELA action in Madison County, of course, is not identical to the Macon County indemnity action. Nor, in our judgment, is it substantially similar to that action. Although certainly both arose out of the explosion in Decatur, the issues do, and the proof can be expected to, differ significantly. Consequently, section 48(1)(c) did not preclude Phillips from filing a separate indemnity suit, even though it might have proceeded by counterclaim in the Madison County action. See *Schuman v. Dausch* (1st Dist. 1940), 307 Ill. App. 379.

Neither *East Side Levee* nor *Lehman* is apposite since

the actions there were "for the same cause." The trial courts in *East Side Levee* were each concerned with the constitutionality of the same statute, and the courts in *Lehman* with the custody of the same child. Here, at the time Phillips filed its complaint, the trial courts faced essentially independent actions. The court in Madison County would determine liability for Mr. Rucker's death, and the court in Macon County would determine any right to indemnity between those defendants held liable. While the issues submitted and determined by the judge or jury in the Madison County proceedings could be relevant, in terms of collateral estoppel, in the Macon County litigation, those issues as they existed when Phillips filed its complaint were not dispositive of the allegations of a right to indemnification based upon active-passive negligence, implied indemnity or express indemnity. Accordingly, it was not error for the circuit court in Macon County to entertain jurisdiction over the Phillips indemnity suit.

The more difficult question is whether, after Norfolk and Western filed a counterclaim for indemnity in Madison County, the court in Macon County had authority to consolidate the two indemnity actions. We note preliminarily that after Phillips filed the Macon County action, its proper course would have been to file in the Madison County court a motion under section 48(1)(c) to dismiss the Norfolk and Western counterclaim in that court on the ground that "there is another action pending between the same parties for the same cause." This it did on October 24, 1975, after its objections, on the same grounds, to Norfolk and Western's motion for leave to amend its answer by asserting the counterclaim had been overruled and the counterclaim filed. There is before us nothing to indicate the motion to dismiss was ever expressly ruled on by the Madison County circuit court. Phillips' failure to secure that ruling prior to filing in Macon County its motion to consolidate the Madison counterclaim with the

Macon proceedings is, perhaps, understandable in view of the earlier ruling on its objections to the counterclaim.

We need not here resolve the opposing arguments of the parties on the question whether the Madison counterclaim and the Macon action were "pending in the same court" so as to authorize their consolidation by the Macon County judge pursuant to section 51 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 51). It is entirely clear that the pendency before different judges of separate suits involving identical parties and issues is incompatible with the orderly and efficient administration of justice. It is equally clear that irrespective of the propriety of the Macon County order consolidating the proceedings, the refusal of the Madison County court to abide by that order was improper. One circuit judge may not review or disregard the orders of another circuit judge in the judicial system of this State (*People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein* (1974), 61 Ill. 2d 229), and such action can only serve to diminish respect for and public confidence in our judiciary (*East Side Levee*, 54 Ill. 2d 442, 445).

Section 16 of article VI of the 1970 Constitution vests "General administrative and supervisory authority over all courts" of this State in this court. In the exercise of that authority we have heretofore ordered the correction of patently erroneous action by trial judges. *People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein,* 61 Ill. 2d 229; *People ex rel. Bowman v. Woodward,* 61 Ill. 2d 231.

It is accordingly ordered that Judge John Gitchoff vacate his November 24, 1975, order directing the clerk of the Madison County court not to transmit to the Macon County court the record of the Norfolk and Western counterclaim; that he dismiss that counterclaim; and that no further action be taken in Madison County to interfere with orders entered in the Macon County proceedings.

*Writ denied;*
*supervisory order entered.*