PETER J. COURI, Plaintiff and Counterdefendant-Appellant, v. THOMAS KORN, Defendant and Counterplaintiff (Martha LaHood, not Indiv. but as Independent Ex'x of the Estate of Anthony T. LaHood, *et al.*, Defendants; Martha LaHood, not Indiv. but as Independent Ex'x of the Estate of Anthony T. LaHood, Plaintiff-Appellant; United Federal Savings Bank, f/k/a United Federal Savings & Loan Association of Illinois, *et al.*, Defendants).

Third District   No. 3—90—0123

Opinion filed September 25, 1990.—Modified on denial of rehearing November 5, 1990.

Kevin D. Schneider and Mary Z. Newbould, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, and Phillip E. Couri, of Couri & Couri, of Winnetka, for appellant.

Valerie M. Umholtz, of Moehle, Swearingen & Associates, of Pekin, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is an interlocutory appeal by plaintiff Martha LaHood pursuant to Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)) from an order staying the proceedings in this foreclosure action pending the resolution of common issues of disputed fact in a related quiet title claim pending in the circuit court of Tazewell County. Plaintiff argues the trial court abused its discretion in ordering the stay because (1) defendant Peter Couri did not establish hardship in going forward with these proceedings; (2) there is no identity of parties and issues between this case and the other pending case; and (3) the order is too broad. Couri has not filed a brief in this court. Because the record is simple and the claimed errors are such that we can easily decide the case without the aid of appellee's brief, we will address the merits of plaintiff's appeal. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) We affirm.

This action concerns the foreclosure of a mortgage originally given by Couri to South Side Trust & Savings Bank (South Side) on May 24, 1982. On September 24, 1982, South Side assigned the mortgage to plaintiff's decedent, Anthony T. LaHood. Plaintiff filed this foreclosure action on November 30, 1988. In 1987, Couri filed an action (1987 action) against Anthony LaHood *et al.*, alleging breach of contract and fraud in connection with an oral agreement between

Couri and Anthony LaHood. The agreement generated the mortgage subject to this appeal. In the 1987 action, Couri also brought a quiet title claim, alleging the assignment of the mortgage by South Side to Anthony T. LaHood was void. All claims against LaHood in the 1987 action have been resolved by summary judgment. The quiet title claim is still pending in the trial court.

In the instant action, on February 27, 1989, Couri filed a motion to dismiss or, in the alternative, to stay the proceedings pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(3)). On June 6, 1989, the trial court entered an order staying the foreclosure proceedings pending the resolution of the 1987 action. On January 12, 1990, the June 6, 1989, order was modified to provide:

> "[T]he proceedings in Case No. 88—CH—140 are stayed until the common issues of disputed fact, raised in Case No. 88—CH—140 and [the 1987 action], are resolved by a jury, or by Summary Judgment. The common issues of disputed fact are whether the Note and Mortgage were wrongfully assigned to ANTHONY T. LAHOOD by SOUTH SIDE TRUST AND SAVINGS BANK. PETER J. COURI or the Estate of ANTHONY T. LAHOOD may set 88—CH—140 for appropriate hearing or trial not less than seven days following the resolution of the common issues."

Plaintiff argues the trial court abused its discretion in entering the stay order.

■■■ Section 2—619(a)(3) of the Code provides:

> "Involuntary dismissal based upon certain defects or defenses. (a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
>
> * * *
>
> (3) That there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3).)

Section 2—619(a)(3), like its predecessor section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(c)), is designed to promote orderly procedure by preventing a multiplicity of actions. (*People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 255, 357 N.E.2d 534, 537.) While the statute speaks of " 'same parties' " for the " 'same cause,' " the parties and causes need not be

identical; substantial similarity will suffice. (*Gitchoff,* 65 Ill. 2d at 255, 357 N.E.2d at 537, quoting *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 56, 203 N.E.2d 428, 429.) The power of the trial court to stay proceedings is an attribute of its inherent power to control the disposition of cases before it. (*In re Estate of Lanterman* (1984), 122 Ill. App. 3d 982, 990, 462 N.E.2d 46, 51, citing *Landis v. North American Co.* (1936), 299 U.S. 248, 254, 81 L. Ed. 153, 158, 57 S. Ct. 163, 166.) Thus, trial courts are afforded discretion in issuing stay orders.

Plaintiff argues that under *Landis,* Couri had to establish hardship in going forward with the foreclosure action before a stay could be entered. We disagree. *Landis* involved Federal court actions, and its criteria for granting a stay have not been adopted in Illinois. Under section 2—619(a)(3), which has been determined to allow the entry of a stay order (*A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23), a movant must show only that there is another action pending between the same parties for the same cause. This Couri has done. Two actions are the "same cause" under section 2—619(a)(3) when relief is requested on substantially the same set of facts. (*Skolnick,* 32 Ill. 2d at 56-57, 203 N.E.2d at 429-30.) The essential subject matter of the quiet title claim in the 1987 action and this foreclosure action is the same: the mortgage from Couri to plaintiff as assignee of South Side. Staying this foreclosure action will eliminate the need to relitigate the common issue in both cases; namely, the validity of the assignment to plaintiff by South Side.

Plaintiff also argues the stay order is too broad because the order does not indicate what circumstance terminates the stay order. Plaintiff contends further she may be forced to repeatedly go to court to file motions to vacate the stay order before the common issues are resolved, a consequence of a stay order criticized in *Landis.*

As indicated previously, the stay order states:

"PETER J. COURI or the Estate of ANTHONY T. LAHOOD may set 88—CH—140 for appropriate hearing or trial not less than seven days following *the resolution of the common issues.*" (Emphasis added.)

The bystander's report for the hearing on January 12, 1990, reflects the parties disagreed over how the common issues in these two cases may be resolved in the trial court; *i.e.,* voluntary dismissal, directed verdict, summary judgment, *et cetera.* Further, the seven-day period was intended to make the termination of the stay order self-executing. The court ruled on January 12, 1990, that the termination of the stay order was not automatic and the seven-day period was reasonable. The court also noted that since the stay was a continuing mat-

ter, the parties may present any *unforeseen* matter concerning the stay to the court throughout the stay period.

■ We conclude the stay order sufficiently describes its duration and scope and does not unreasonably burden the plaintiff. We find *Landis* distinguishable for the reasons heretofore stated and, additionally, for the reason that the stay in *Landis* remained in effect throughout the lengthy appeal process. Here, the stay order was clearly intended to terminate after the common issues are resolved in the *trial* court.

For the foregoing reasons, the order of the trial court staying the proceedings in this cause is affirmed.

Affirmed.

LUND and STEIGMANN, JJ., concur.