RAYMOND B. DOUTT *et al.*, Plaintiffs-Appellants, v. FORD MOTOR COMPANY, Defendant-Appellee.

First District (6th Division)    No. 1—94—3421

Opinion filed December 15, 1995.

Clinton A. Krislov and Jonathan Nachsin, both of Krislov & Associates, of Chicago, and Beverly C. Moore, Jr., of Moore & Brown, of Washington, D.C., for appellants.

Francis D. Morrissey, John T. Coleman, and Michael A. Pollard, all of Baker & McKenzie, of Chicago, and William T. Coleman, Jr., Richard C. Warmer, Carl R. Schenker, Jr., and Kevin M. Kelcourse, all of O'Melveny & Myers, of Washington, D.C., for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs appeal the dismissal of their complaint proposing a nationwide class action against defendant Ford Motor Company. The complaint sought relief for 17 named plaintiffs and all others similarly situated for damages and injuries allegedly caused by certain defective Ford vehicles manufactured during the 1976-79 model years. The trial court granted Ford's motion to dismiss the complaint on the basis that the action would be duplicative of litigation already pending. We affirm.

As evidenced by the ages of the Ford vehicles sued upon, this action has a long history. Prior to the complaint at issue here, four proposed nationwide class actions had already been filed by plaintiffs' counsel concerning Ford vehicles manufactured from 1976 through 1979. The four previous actions are: (1) *Walsh v. Ford Motor Co.*, No.

81—1998 (D.D.C., filed August 21, 1981); (2) *Thoubboron v. Ford Motor Co.*, No. 91—CA—01642 (D.C. Super. Ct., filed February 6, 1991); (3) *Doutt v. Ford Motor Co.*, No. 212 (Pa. C.P. Phila. Co., filed April 1, 1991) (*Doutt I*); and (4) *Portwood v. Ford Motor Co.*, No. 91 CH 4442 (Ill. Cir. Ct. Cook Co., filed May 14, 1991). At the time the trial court dismissed this complaint (*Doutt II*), *Walsh* and *Thoubboron* had been resolved, but *Doutt I* and *Portwood* were still pending. We will briefly set forth the procedural posture of each of these four cases before turning to *Doutt II*.

*Walsh v. Ford Motor Co.* was filed in the United States District Court for the District of Columbia in 1981. The *Walsh* complaint named approximately 200 plaintiffs, including the 17 named plaintiffs-appellants in the present case. Generally, the complaint alleged injuries and property damage occurring when plaintiffs' vehicles would suddenly "jump out of park" or shift from park to reverse. After nine years of litigation in the Federal system, the district court denied class certification and dismissed *Walsh*. (*Walsh v. Ford Motor Co.* (D.D.C. 1990), 130 F.R.D. 260.) In October 1991, the D.C. Circuit dismissed an appeal of the district court's decision on jurisdictional grounds. *Walsh v. Ford Motor Co.* (D.C. Cir. 1991), 945 F.2d 1188.

In February 1991, *Thoubboron v. Ford Motor Co.* was filed in the superior court of the District of Columbia. The *Thoubboron* complaint named 34 plaintiffs, including 16 of the 17 plaintiffs-appellants in the present case. Ford moved to dismiss the action on statute of limitations grounds. Plaintiffs opposed Ford's motion and also filed a motion for voluntary dismissal. While these motions were pending, *Doutt I* was filed in Pennsylvania and *Portwood* was filed in Illinois. In September 1991, the trial court in *Thoubboron* granted Ford's motion to dismiss, but that judgment was vacated on appeal. (*Thoubboron v. Ford Motor Co.* (D.C. 1993), 624 A.2d 1210.) Thereafter, in January 1994, the *Thoubboron* trial court granted plaintiffs' motion for voluntary dismissal without prejudice.

*Doutt I* was filed in Pennsylvania in April 1991 during the pendency of Ford's motion to dismiss *Thoubboron*. The *Doutt I* complaint named 35 plaintiffs—the 34 *Thoubboron* plaintiffs and Raymond B. Doutt. All 17 plaintiffs-appellants in the present case were named in *Doutt I*.

*Portwood v. Ford Motor Co.* was filed in May 1991 in the circuit court of Cook County in Illinois. The *Portwood* complaint named 52 plaintiffs, including 18 of the 35 *Doutt I* plaintiffs. The remaining 17 *Doutt I* plaintiffs were not named in *Portwood*, but as we will explain, they are the 17 plaintiffs-appellants before this court.

In June 1991, *Doutt I* was stayed pending the final resolution of *Walsh* and *Thoubboron*. After the resolution of those two cases, Ford moved to lift the stay of *Doutt I* in May 1994. The *Doutt I* plaintiffs then moved to continue the stay pending developments in *Portwood*, whose plaintiffs were appealing a stay of that action. In the alternative, plaintiffs moved to voluntarily dismiss all claims in *Doutt I* except for Mr. Doutt's. The Pennsylvania court elected to continue the *Doutt I* stay.

On May 3, 1994, the *Doutt II* complaint, directly at issue here, was filed in the circuit court of Cook County. This complaint named the 17 *Doutt I* plaintiffs who had not been named in *Portwood*. The *Doutt II* complaint was filed while *Doutt I* was stayed in Pennsylvania and while the *Portwood* stay was on appeal. Plaintiffs filed the complaint after the trial court denied their motion to intervene in *Portwood* for lack of jurisdiction over *Portwood*. On August 30, 1994, the trial court granted Ford's motion to dismiss the present complaint on the basis that duplicative actions, *Doutt I* and *Portwood*, were already pending. In dismissing the complaint, the trial court characterized the circumstances as an obvious case of forum shopping.

On September 9, 1994, the *Doutt I* plaintiffs moved to voluntarily dismiss all claims in Pennsylvania, including Mr. Doutt's, but the court again continued the stay of that action. In May 1995, the stay was lifted and the Pennsylvania court dismissed *Doutt I* at plaintiffs' request. In June 1995, this court released an unpublished Rule 23 order reversing the *Portwood* stay and remanding the matter for further proceedings. (*Portwood v. Ford Motor Co.* (1st Dist. 1995), No. 1—92—2098 (unpublished order under Supreme Court Rule 23).) Plaintiffs now appeal the trial court's August 30, 1994, order which dismissed the *Doutt II* complaint as duplicative of *Doutt I* and *Portwood*.

■ Under section 2—619(a)(3) of the Illinois Code of Civil Procedure, a defendant may seek dismissal of an action on the grounds "[t]hat there is another action pending between the same parties for the same cause." (735 ILCS 5/2—619(a)(3) (West 1992).) The purpose of this section is to further judicial economy by avoiding duplicative litigation. (*Forsberg v. City of Chicago* (1986), 151 Ill. App. 3d 354, 502 N.E.2d 283.) Multiple actions involve the "same cause" within the meaning of section 2—619(a)(3) when relief is requested on substantially the same set of facts. (*Katherine M. v. Ryder* (1993), 254 Ill. App. 3d 479, 627 N.E.2d 42.) The "same parties" requirement of section 2—619(a)(3) is met where the litigants' interests are sufficiently similar, even though the litigants differ in name or number. *Skipper Marine Electronics, Inc. v. Cybernet Marine Products* (1990), 200 Ill. App. 3d 692, 558 N.E.2d 324.

Determination of whether a section 2—619(a)(3) motion to dismiss should be granted is within the discretion of the trial court and will not be disturbed absent abuse of that discretion. (*Katherine M.*, 254 Ill. App. 3d 479, 627 N.E.2d 42; *Terracom Development Group, Inc. v. Village of Westhaven* (1991), 209 Ill. App. 3d 758, 568 N.E.2d 376.) In exercising its discretion, the trial court is to weigh the prejudice that would result to the nonmovant if the motion is granted against the policy of avoiding duplicative litigation. *Arthur Young & Co. v. Bremer* (1990), 197 Ill. App. 3d 30, 554 N.E.2d 671.

Plaintiffs contend that there is no risk of duplicative litigation now that *Doutt I* has been voluntarily dismissed and the *Portwood* stay has been lifted. Thus, plaintiffs urge, this court should reverse the trial court's dismissal of *Doutt II* and remand it so that *Portwood* and *Doutt II* can be consolidated. Plaintiffs state that because *Doutt I* was stayed and the trial court was aware of plaintiffs' intentions to voluntarily dismiss *Doutt I* once the stay was lifted, the trial court abused its discretion in dismissing *Doutt II*. Otherwise, plaintiffs only point to the current circumstances, with *Doutt I* dismissed as of May 1995 and the *Portwood* stay lifted as of June 1995, in trying to convince us to reverse the trial court's dismissal of *Doutt II*.

In *Arthur Young & Co. v. Bremer*, this court reiterated the importance of deferring to a trial court's reasoning in reviewing a section 2—619(a)(3) dismissal. In *Arthur Young*, the trial court dismissed a complaint it considered duplicative of an action already pending in California. On appeal, the plaintiffs urged the court to follow *A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23, where the supreme court found that the trial court had acted as if it had no discretion and failed to conduct a proper analysis when it dismissed a complaint as duplicative. The *A.E. Staley* court consequently had no conclusions to defer to and conducted a *de novo* review. (*A.E. Staley*, 84 Ill. 2d 245, 419 N.E.2d 23.) The *Arthur Young* court, however, found itself in an entirely different situation, stating that "the trial court here conducted a thorough analysis of the propriety of granting defendants' section 2—619(a)(3) motion." (*Arthur Young*, 197 Ill. App. 3d at 48, 554 N.E.2d at 683.) The *Arthur Young* court found that the trial court carefully considered all the relevant factors in granting the motion and thus the court found no abuse of discretion. *Arthur Young*, 197 Ill. App. 3d 30, 554 N.E.2d 671.

■ Likewise, we refuse to ignore the trial court's reasoning here. The report of proceedings manifests the trial court's careful analysis of the situation and its efforts to take into consideration the present and future implications of dismissing *Doutt II*. At the time the trial

judge dismissed *Doutt II* on August 30, 1994, *Doutt I* was stayed in Pennsylvania at plaintiffs' request. The 17 plaintiffs in *Doutt II* were the same 17 plaintiffs in *Doutt I*. As the trial court stated:

"Your 17 people in this case are also class members in the other cases, and the complaints are identical, and the relief sought is identical, and the underlying facts are identical."

In trying to dissuade the trial judge from dismissing *Doutt II*, plaintiffs informed the court of their intentions to voluntarily dismiss *Doutt I*. Plaintiffs' counsel told the trial judge that he expected the Pennsylvania court to find *Doutt I* time-barred. Thus, plaintiffs planned to voluntarily dismiss *Doutt I* and to consolidate *Doutt II* with *Portwood* once the *Portwood* stay was lifted. Aware of plaintiffs' strategy, the trial court described it as an obvious case of forum shopping. The trial judge then dismissed *Doutt II* under section 2—619(a)(3).

As in *Arthur Young*, we find no abuse of discretion in the trial court's reasoning. At the time of the ruling, *Doutt I* was still pending in Pennsylvania, where the same 17 plaintiffs were alleging the same cause of action. Also, the court anticipated the possibility of the circumstances we have here, with *Doutt I* dismissed and the *Portwood* stay lifted, and the court recognized that there would still be grounds to dismiss under section 2—619(a)(3). The trial judge realized that plaintiffs would qualify as absent class members of *Portwood*, which is now in active litigation in Illinois. Thus, the record here shows that the trial court carefully analyzed the circumstances and exercised its discretion to avoid a multiplicity of actions. Absent abuse of that discretion, we refuse to disturb the court's ruling.

Finally, we disagree with plaintiffs that this court's reversal of the *Portwood* stay compels reversal of the trial court's dismissal of *Doutt II*. *Portwood* was stayed because *Walsh, Thoubboron*, and *Doutt I* were pending in other jurisdictions. As of June 1995, when the third division of this court lifted the stay, all three of those actions had been resolved. Furthermore, the *Portwood* court indicated that continuing the stay would prejudice some of the plaintiffs who had never filed individual actions elsewhere. *Portwood* (1st Dist. 1995), No. 1—92—2098 (unpublished order under Supreme Court Rule 23).

On the contrary, all 17 of the *Doutt II* plaintiffs were named plaintiffs in *Walsh* and *Doutt I*. Also, these same 17 individuals chose not to join as named plaintiffs in *Portwood* in 1991. In effect, they actually avoided the centralization of their individual claims in Illinois which they claim is now their primary goal. Thus, plaintiffs' argument that they will be prejudiced because they have lost their chance to file individual claims is unpersuasive. That is the strategy

plaintiffs chose when they voluntarily dismissed their individual claims in Pennsylvania during the pendency of this appeal.

In sum, we find that the trial court did not abuse its discretion in dismissing plaintiffs' complaint. The trial court balanced the interests of both sides and found *Doutt II* duplicative of actions already pending. We refuse to disturb the court's sound exercise of discretion under section 2—619(a)(3).

For the above reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN and RAKOWSKI, JJ., concur.