COMBINED INSURANCE COMPANY OF AMERICA, Plaintiff-Appellant, v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, subscribing to Reinsurance Contract No. BK0030050 for the 12-month period incepting on April 30, 2001, Defendant-Appellee.

First District (4th Division)   No. 1—04—0344

Opinion filed March 31, 2005.—Rehearing denied April 29, 2005.

QUINN, J., dissenting.

Sidley, Austin, Brown & Wood, L.L.P., of Chicago (Constantine L. Trela, Holly A. Harrison, Lori L. Roeser, and Ryan M. Sandrock, of counsel), for appellant.

Lord, Bissell & Brook, L.L.P., of Chicago (Nick J. DiGiovanni, Molly McGinnis Stine, and Hugh S. Balsam, of counsel), for appellee.

PRESIDING JUSTICE REID delivered the opinion of the court:

The plaintiff, Combined Insurance Company of America (Combined), appeals the trial court's decision to grant the motion under section 2—619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(3) (West 2002)) to dismiss the defendant, Certain Underwriters at Lloyd's, London, subscribing to reinsurance contract No. BK0030050 for the 12-month period incepting on April 30, 2001 (Underwriters). On appeal, Combined argues that the trial court erred when it granted Underwriters' motion to dismiss because it did not follow the standards enunciated in *A.E. Staley Manufacturing Co. v. Swift & Co.*, 84 Ill. 2d 245 (1981). For the foregoing reasons, we reverse the decision of the trial court and remand this matter.

## BACKGROUND

Combined issued to its parent corporation, Aon Corporation (Aon), an insurance policy that was effective April 30, 2000. The policy provided accidental-death-and-dismemberment coverage to Aon employees. The Aon policy was drafted, negotiated, and executed in Illinois and expressly provides that it is governed by the laws of the State of Illinois.

On April 14, 2000, Combined and Underwriters entered into a reinsurance contract with respect to the Aon policy. This reinsurance contract was issued for the period of April 30, 2000, to April 30, 2001. Thereafter, it was extended through April 30, 2003.

On September 11, 2001, 176 Aon employees died at Aon's offices at the World Trade Center, during the terrorist attacks on the United States. Combined paid approximately $95 million to the families or beneficiaries of the victims of the events of that day.

On October 31, 2001, Underwriters consented to the payment of the Aon claims by Combined, but specifically reserved its right to consent to coverage under the reinsurance contract. On November 9, 2001, Underwriters filed a civil action in commercial court in London, England, seeking declaratory relief based on the language of the reinsurance contract. Underwriters sought a declaration that it was not liable to indemnify Combined with respect to any liability that it might have arising out of the deaths of any eligible persons who were not engaged in business travel at the time that they perished on September 11, 2001.

On November 13, 2001, Combined filed a competing action in the United States District Court for the Southern District of New York in reliance on section 408(b)(3) of the then-recently enacted Air Transportation Safety and System Stabilization Act (Pub. L. No. 107—42, 115 Stat. 230 (2001) (codified at 49 U.S.C. § 4010). While this New

York action was pending, Combined applied to stay the London action, on December 10, 2001.

Thereafter, the parties agreed to enjoin the London action until there was a resolution of the New York case. At this time, Combined also informed the court in London that if it lost the New York action, it would consider filing an action in Illinois. In response, the London court informed Combined that, "It is a most unattractive position because it is just another way of postponing things."

With regard to the New York action, Underwriters responded to Combined's complaint by filing a motion to dismiss for lack of subject matter jurisdiction. On September 10, 2002, the New York district court dismissed Combined's action for lack of subject-matter jurisdiction. Combined appealed the matter, and on August 22, 2003, the United States Court of Appeals for the Second Circuit affirmed the district court's ruling in a nonpublished summary order.

Thereafter, on September 11, 2003, Combined filed a complaint in the circuit court of Cook County, Illinois. Combined sought a declaration of the parties' rights and obligations under the reinsurance contract and to recover damages as a result of Underwriters' alleged breach of the reinsurance contract. Subsequently, on October 13, 2003, Combined requested that the London court stay further proceedings in favor of the Illinois action. However, the London court refused to do so.

On November 20, 2003, Underwriters filed a "motion to dismiss or stay this action pursuant to section 2—619(a)(3) or, in the alternative, to dismiss on the grounds of *forum non conveniens*." On January 16, 2004, after hearing extensive arguments from both parties, the trial court granted Underwriters' motion, dismissing the case on section 2—619(a)(3) grounds in favor of the London action. The trial court's specific ruling on Underwriters' section 2—619(a)(3) motion to dismiss follows:

> "But as to the first part of this motion today, the motion that this case should be dismissed for the reason that there is another action pending in a competent court in which this exact cause of action is proceeding, the Court is most impressed with the oral argument that was made by the movant here today. Counsel has succinctly set out the basis for his motion and has succinctly and accurately set out the reasons courts dismiss cases when another case is pending in another jurisdiction and has accurately and well set out the principles involved. That therefore excuses me from having to repeat those at this point. I will adopt those arguments as my reasons here. As the London Underwriters argue, there is, in fact, another action pending in a credible court sitting I note in the

very nation from which our own law and chancery jurisprudence derives. The principles of comity are at work here.

Although Combined sees some higher right on their part to persist in the suit here in Illinois, based on what it has characterized as the, quote, devious behavior on Underwriters' part, namely negotiating and at the same time filing a declaratory judgment action in London, the Court rejects this argument. It is well established that an insurer who contests its liability to an insured under its policy should file a declaratory judgment action to have that issue resolved by a court of competent jurisdiction.

In addition, Combined casts itself here as a plaintiff, and certainly in this case it is nominated as a plaintiff because it was the party that brought suit here. But it is not just Combined that has a right to bring we will call it a claim, but it's not really a claim, but has a right to bring an action seeking a declaratory judgment as to the rights of the parties on an insurance contract. Each party to that policy, that contract, has a right. It belongs equally to London Underwriters as it does to Combined Insurance.

Combined has relied very strongly, among other cases, but very strongly on the A.E. Staley Manufacturing case, arguing that in some instances a *forum* [*non conveniens*] consideration should be brought to bear when a motion is brought on the grounds that another action is pending. I do not believe that the situation or anything like the situation that was present in A.E. Staley case is present here.

In the A.E. Staley case, there was a concern that there would be a bar of a cross-complaint. Here we have a coverage issue, two issues, two coverage issues being brought to a court. Once the declaratory relief is issued, the payment, if that's what the issue is, if that's the way it goes, would follow, or nonpayment if that's the way the decision would go would follow. There is no need for a cross-claim here in this case. The issues will be decided in the declaratory judgment part of the case.

Also in the Staley analysis is the argument that the choice of law factor should come into play. In the case before me and the case before the London judge, either court would face the prospect of having to apply English law for one of the coverage issues and Illinois law to the other. So I don't find the outweighing of the balancing that Combined argues to be here.

This court certainly has confidence in the ability of the London court to do justice between the parties and sees no reason why Combined should be given preference to having its action proceed here in its home state.

So I'm going to grant the motion on the grounds that there is another action pending in a competent jurisdiction involving these parties and comprising of the same cause of action."

Thereafter, on February 5, 2004, Combined timely filed its notice of appeal.

## ANALYSIS

Combined argues that the trial court erred when it granted Underwriters' motion to dismiss pursuant to section 2—619(a)(3).

Generally, motions to dismiss do not require the trial court to weigh facts or determine credibility, and, as a result, our review is *de novo. Overnite Transportation Co. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 332 Ill. App. 3d 69, 73 (2002); *Miller v. Thomas*, 275 Ill. App. 3d 779, 786 (1995). However, a section 2—619(a)(3) motion seeking dismissal is inherently procedural and urges the trial court to weigh several factors to determine whether it is appropriate for the action to proceed. *Overnite Transportation Co.*, 332 Ill. App. 3d at 73; *Miller*, 275 Ill. App. 3d at 786. Thus, we apply an abuse of discretion standard of review to a trial court's decision to dismiss a case pursuant to section 2—619(a)(3). *Overnite Transportation Co.*, 332 Ill. App. 3d at 73; *Halverson v. Stamm*, 329 Ill. App. 3d 1206, 1215 (2002); *Doutt v. Ford Motor Co.*, 276 Ill. App. 3d 785, 789 (1995).

Pursuant to section 2—619(a)(3) of the Code, a defendant may seek dismissal of a complaint on the basis that "there is another action pending between the same parties for the same cause." 735 ILCS 5/2—619(a)(3) (West 2002); *Doutt*, 276 Ill. App. 3d at 788. Section 2—619(a)(3) furthers judicial economy by avoiding duplicative litigation. *Doutt*, 276 Ill. App. 3d at 788. Within the meaning of section 2—619(a)(3), actions involve the "same cause" when the relief requested is based on substantially the same set of facts. *Overnite Transportation Co.*, 332 Ill. App. 3d at 76; *Doutt*, 276 Ill. App. 3d at 788. In determining whether the two actions are for the same cause, the crucial inquiry is " 'whether the two actions arise out of the same transaction or occurrence [citation], not whether the legal theory, issues, burden of proof or relief sought materially differ between the two actions.' " *Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780, 786 (1998), quoting *Terracom Development Group, Inc. v. Village of Westhaven*, 209 Ill. App. 3d 758, 768 (1991). See also *Overnite Transportation Co.*, 332 Ill. App. 3d at 76. In addition, it is not necessary that the purpose of the two actions be identical; rather, section 2—619(a)(3) may be invoked where there is a substantial similarity of issues between the two actions. *Overnite Transportation Co.*, 332 Ill. App. 3d at 76; *Kapoor*, 298 Ill. App. 3d at 786. Thus, the central inquiry, which is guided by common sense, is whether the relief requested rests on substantially the same facts. *Kapoor*, 298 Ill. App.

3d at 786. The "same parties" requirement of section 2—619(a)(3) is satisfied "where the litigants' interests are sufficiently similar, even though the litigants differ in name or number." *Doutt*, 276 Ill. App. 3d at 788. See also *Kapoor*, 298 Ill. App. 3d at 786.

■ "Section 2—619(a)(3) is designed to avoid duplicative litigation and is to be applied to carry out that purpose. (*People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 127; *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 255.) Nevertheless, even when the 'same cause' and 'same parties' requirements are met, section 2—619(a)(3) does not mandate automatic dismissal. Rather, the decision to grant or deny defendant's section 2—619(a)(3) motion is discretionary with the trial court. (*People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 125.) 'The more reasonable construction [of section 2—619(a)(3)] is that the circuit court possesses some degree of discretion in ruling upon the motion and that multiple actions in different jurisdictions, but arising out of the same operative facts, may be maintained where the circuit court, in a sound exercise of its discretion, determines that both actions should proceed.' *A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252-53.

The factors that a court should consider in deciding whether a stay under section 2—619(a)(3) is warranted include: comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum. (*People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 130; *A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 254.)" *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447-48 (1986).

"[S]ubsequent cases have extended the *Kellerman* factors to section 2—619(a)(3) dismissals. *Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780, 789, 699 N.E.2d 1095, 1102 (1998). We further note that courts are not required to apply the *Kellerman* factors. *Kapoor*, 298 Ill. App. 3d at 789, 699 N.E.2d at 1102 (courts 'should,' not 'must,' consider them). In fact, not all four *Kellerman* factors necessarily apply to each section 2—619(a)(3) dismissal. *Kapoor*, 298 Ill. App. 3d at 789-90, 699 N.E.2d at 1102 (*res judicata* not a relevant consideration in the context of dismissal, as opposed to a stay, since after a dismissal, there is no remaining action to which *res judicata* principles can be applied).

This court has defined 'comity' as ' "giving respect to the laws and judicial decisions of other jurisdictions out of deference." [Citation.]' *Hapag-Lloyd*, 312 Ill. App. 3d at 1096, 729 N.E.2d at 43. Since the

inquiry does not focus on whether the causes of action are identical, if the two actions arose out of the same occurrence, the consideration of comity will not preclude a dismissal. *Kapoor*, 298 Ill. App. 3d at 790, 699 N.E.2d at 1102." *Overnite Transportation Co.*, 332 Ill. App. 3d at 76.

Here, we find that *Staley* is controlling. *Staley* involved two Delaware corporations, with their principal places of business in Illinois, which sued one another in Iowa and Illinois on the same day. The Iowa suit of the Illinois defendant, Swift & Company (Swift), sought recovery of funds that the Illinois plaintiff, A.E. Staley Manufacturing Company (Staley), retained to secure Swift's construction of a soybean-processing plant. Staley's Illinois suit sought damages for Swift's failure to complete construction of the soybean-processing plant. Swift filed a motion to, *inter alia*, dismiss on grounds of *forum non conveniens* in the Illinois action, the denial of which the appellate court had earlier affirmed on the grounds that: both parties had their principal offices in Illinois; under the terms of their contract, Illinois law would govern its interpretation; most of the principals were Illinois residents; most of the discoverable paper work was in Iowa or Illinois; and the economic impact of the litigation would be greater on Illinois.

Thereafter, Swift filed a second motion to dismiss under then section 48(1)(c) (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)), which was the former designation of section 2—619(a)(3). "Section 2—619(a)(3), like its predecessor section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(c)), is designed to promote orderly procedure by preventing a multiplicity of actions. (*People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 255, 357 N.E.2d 534, 537.)" *Couri v. Korn*, 203 Ill. App. 3d 1091, 1093 (1990).

The trial court concluded that it was required to grant the motion to dismiss because Swift had filed its Iowa action before Staley filed its Illinois action. Reviewing the appellate court's reversal of that ruling, our supreme court reasoned that, contrary to the trial court's conclusion, a trial court has some degree of discretion in ruling upon a section 48(1)(c) motion and in the sound exercise of that discretion could determine that separate actions in different jurisdictions arising out of the same operative facts should proceed simultaneously. Then, undertaking the exercise of discretion which the trial court failed to undertake, the supreme court held that section 48(1)(c) did not bar Staley's Illinois action. *A.E. Staley*, 84 Ill. 2d at 253. The relevant portions of the *Staley* court's ruling stated:

> "The purpose of section 48(1)(c) is to avoid duplicative litigation [citations], and the trial court's analysis should be geared toward

effectuating that purpose. Notwithstanding this policy, however, we do not believe that the legislature intended that the filing of a section 48(1)(c) motion should result in automatic dismissal or that two separate actions concerning the same subject matter could never proceed simultaneously. The more reasonable construction is that the circuit court possesses some degree of discretion in ruling upon the motion and that multiple actions in different jurisdictions, but arising out of the same operative facts, may be maintained where the circuit court, in a sound exercise of its discretion, determines that both actions should proceed [citation]. The circuit court here felt that it had no discretion in this matter and therefore failed to conduct an appropriate analysis of the situation. With the benefit of the parties' briefs and argument on the questions presented, we have nonetheless considered carefully the questions raised, and in the exercise of this court's power to enter any relief that the trial court may have afforded (73 Ill. 2d R. 366(a)(5)), we hold that Staley's action in the Illinois courts is not barred by section 48(1)(c). In successfully defending Swift's prior motion to dismiss on the basis of *forum non conveniens*, Staley has demonstrated that this litigation has a legitimate and substantial relation to Illinois, and Swift has presented no additional grounds from which we could conclude that Staley's action cannot be maintained in the courts of this State.

Also of importance to us in our analysis is that dismissal of Staley's action would force it to seek the relief it desires by way of counterclaim in Swift's Iowa action. It is not clear that such a course is required under Iowa procedural rules (see Iowa R. Civ. P. 29 (counterclaim need not be pleaded where the relief which would be sought is the subject of an action pending elsewhere), yet a ruling here against Staley would create such a rule *de facto* and would allow Swift to bootstrap Staley's breach-of-contract action into the Iowa courts through the filing of its action for recovery of amounts retained by Staley and for indemnity against a third-party guarantor. We do not believe that the policy of avoiding duplicative litigation requires this result. Swift may, if it chooses, assert its claim for recovery of amounts retained by Staley in the Illinois courts, and if it does not successfully defend Staley's breach-of-contract action, it may seek indemnity from the third-party guarantor in Iowa or any appropriate forum. Significantly, resolution of Staley's breach-of-contract action could moot or facilitate resolution of the questions of Swift's right to indemnity and its right to recovery of amounts retained by Staley." *Staley*, 84 Ill. 2d at 252-54.

■ In this matter, the trial court erred when it granted Underwriters' section 2—619(a)(3) motion to dismiss. The trial court erred because it failed to properly apply the legal standards articulated by

the Illinois Supreme Court in *Staley*. Although a section 2—619(a)(3) motion to dismiss is committed to the sound discretion of the trial court, that discretion must be exercised with due consideration of the well-recognized principles of Illinois law.

In *Staley*, the Illinois Supreme Court held that an Illinois resident with a case pending in Illinois should not have to file a counterclaim in a foreign jurisdiction where the rules of that jurisdiction do not otherwise require it. *Staley*, 84 Ill. 2d at 254. The London action is only a declaratory action. Here, if we were to affirm Underwriters' section 2—619(a)(3) motion to dismiss and the London court ruled in Combined's favor, in order for Combined to receive complete relief in that foreign jurisdiction, it would be required to file a counterclaim seeking damages. This is in direct contradiction to the ruling in *Staley*.

Furthermore, section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2002)) is intended to penalize vexatious delay or rejection of legitimate claims by insurance companies. If the insurer vexatiously delays or rejects legitimate claims, it is responsible for the expense resulting from the insured's efforts to prosecute the claim. *Verbaere v. Life Investors Insurance Co. of America*, 226 Ill. App. 3d 289 (1992). In this matter, it is unclear if Combined would have this remedy at its disposal if it is determined that Underwriters has vexatiously delayed bringing this cause to a close.

We reiterate that two separate actions concerning the same subject matter *can* proceed simultaneously. *Staley*, 84 Ill. 2d at 252-53. This court will not force an Illinois resident with a case pending in Illinois to seek a counterclaim in a foreign jurisdiction in order to gain complete relief. This is in contradiction to *Staley* and *Kellerman*. As such, the trial court's decision must be reversed.

## CONCLUSION

For the foregoing reasons, the decision of the trial court is reversed and this matter is remanded.

Reversed and remanded.

Greiman, J., concurs.

JUSTICE QUINN, dissenting:

I respectfully dissent. The majority correctly state that our standard of review of the trial court's grant of Underwriter's section 2—619(a)(3) motion to dismiss is whether the trial court abused its discretion in doing so. Under the abuse of discretion standard, the role

of the reviewing court is not to substitute its judgment for that of the trial court, or even to determine whether the trial court acted wisely. *Members Equity Credit Union v. Duefel*, 295 Ill. App. 3d 336, 342 (1998). As our supreme court has pointed out, this standard has been recognized as " 'the most deferential standard of review available with the exception of no review at all.' " *People v. Coleman*, 183 Ill. 2d 366, 387 (1998), quoting M. Davis, *A Basic Guide to Standards of Judicial Review*, 33 S.D. L. Rev. 469, 480 (1988). Because we are to reverse only when no reasonable person could adopt the view taken by the lower court (*In re Marriage of Getautus*, 189 Ill. App. 3d 148 (1989)), I would affirm the trial court's order of dismissal pursuant to section 2—619(a)(3). 735 ILCS 5/2—619(a)(3) (West 2002).

In reversing the trial court, the majority wholly rely upon the holding in *A.E. Staley Manufacturing Co. v. Swift & Co.*, 84 Ill. 2d 245 (1981). I agree with the trial court's extremely well-reasoned decision in which the court found that the facts of the present case bear little relation to those found in *Staley*. The parties in *Staley* filed their respective lawsuits on the same day. Underwriters filed its declaratory action in London Commercial Court on November 9, 2001, and Combined filed the instant suit in Illinois on September 11, 2003, almost two years later. Combined seeks damages and a declaration that it is entitled to indemnification under the "Reinsurance Contract"—the declaration sought is identical to the relief sought by the Underwriters in the London court. While Combined's delay in filing suit in Illinois may be attributable to a legitimate belief that it was required to file suit in the federal district court in New York, that belief proved to be erroneous and Combined's action was dismissed for lack of jurisdiction. This dismissal was then affirmed by the federal court of appeals. *Combined Insurance Co. of America v. Certain Underwriters at Lloyd's London*, 75 Fed. Appx. 799 (2nd Cir. 2003).

In *Staley*, the trial court found that section 48(1)(c) (the predecessor to section 2—619(a)(3)) required it to dismiss the action before it. The supreme court reversed, holding that the circuit court had discretion in ruling upon motions to dismiss based on the existence of a suit pending in a different jurisdiction which arose out of the same operative facts. Consequently, the circuit court failed to conduct an appropriate analysis of the situation. *Staley*, 84 Ill. 2d at 253. In the instant case, the trial court was well aware that it was within its discretion to stay Combined's action, dismiss it or allow it to proceed simultaneously with the declaratory action in London.

The majority also hold that the trial court failed to give due consideration to *Staley*'s discussion of whether a counterclaim would be necessary to receive complete relief. The majority hold that, because

the London action is a declaratory action, if "the London court ruled in Combined's favor, in order for Combined to receive complete relief in that foreign jurisdiction, it would be required to file a counterclaim seeking damages." 356 Ill. App. 3d at 757.

The trial court addressed this assertion as follows:

"In the *A.E. Staley* case, there was a concern that there would be a bar of a cross-complaint. Here we have a coverage issue, two issues, two coverage issues being brought to a court. Once the declaratory relief is issued, the payment, if that's what the issue is, if that's the way it goes, would follow, or nonpayment if that's the way the decision would go would follow. There is no need for a cross-claim here in this case. The issues will be decided in the declaratory judgment part of the case."

I agree with the reasoning of the trial court. Combined would only need to file a counterclaim if Underwriters were to lose its declaratory action and then refuse to pay out on its policy.

The majority also base their decision on the fact that it is "unclear" whether Combined might be entitled to damages under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2000)). 356 Ill. App. 3d at 757. The majority say this will be an issue "if it is determined that Underwriters has vexatiously delayed bringing this case to a close." 356 Ill. App. 3d at 757. As I previously pointed out, Underwriters filed a declaratory action on November 9, 2001. Combined filed its suit in the Federal district court in New York on November 13, 2001. During the almost two years that Combined's action was pending in federal court, Underwriter's declaratory action was stayed by agreement of the parties and the court in London. After the federal courts dismissed its suit for lack of jurisdiction, Combined filed the instant suit in Illinois on September 11, 2003. To suggest that Underwriters' actions have vexatiously delayed this case so as to fall under the penumbra of Rule 155 borders on the absurd.

The majority do not address the most compelling reason to affirm the trial court's dismissal: the risk of inconsistent judgments being issued in the two pending cases. This case involves the interpretation of a very narrow issue—the definition of the phrase "Authorized Business Trip" as that term is used in the Aon policy. The declaratory action before the London commercial court will certainly determine that definition and that court will then determine Underwriters' obligations under the "Reinsurance Contract" between Aon and Underwriters. The majority reverse the trial court's dismissal but fail to provide any guidance to the circuit court which will receive this case on remand. If the majority believe that the circuit court may rule on Combined's request for a declaration that it is entitled to indemnifica-

tion under the "Reinsurance Contract"—even though that identical issue has been pending in the London commercial court for more than three years—the majority should expressly make that holding and explain its reasoning. This entire issue is obviated by the trial court's order of dismissal, which I would affirm.