THIRD DIVISION
June 14, 2006

No. 1-05-3521

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, an Illinois Corporation, and AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania Corporation, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 04 CH 19092 |
| RADIO MATERIALS CORPORATION, an Indiana Corporation, RADIO MATERIALS CORPORATION, a Nevada Corporation, and KRAFT FOODS GLOBAL, INC. a/k/a Kraft Foods North America, Inc. and Kraft Foods, Inc., a Delaware Corporation, | ) )) )) )) | |
| | | Honorable Patrick E. McGann, Judge |
| Defendants-Appellees. | | Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court:

Plaintiffs, Continental Casualty Company and American Casualty Company of Reading, Pennsylvania, appeal from an order of the circuit court granting the motion of defendants, Radio Materials Corporation - Nevada (RMC-Nevada), Radio Materials Corporation - Indiana (RMC-Indiana) and Kraft Foods, to dismiss this cause of action

pursuant to section 2-619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(3) (West 2004)) (Code) on the basis that the same cause of action between the same parties is pending in an Indiana court. On appeal, plaintiffs contend that: (1) the circuit court's determination that the Indiana cause of action involved the same parties as the Illinois action was erroneous; and (2) the Illinois action should not have been dismissed because it has a "legitimate and substantial connection" to Illinois. We affirm.

The Indiana cause of action was filed by numerous entities, including Kraft, against numerous insurance companies, including Continental Casualty Company and American Casualty Company of Reading, Pennsylvania. The cause of action concerns insurance coverage relating to environmental contamination of property located in Attica, Indiana. Radio Materials Corporation is not listed as a plaintiff; rather, the complaint states in its introduction that Kraft is acting as attorney-in-fact and agent of Radio Materials Corporation. Radio Materials Corporation is not identified with any further specificity (e.g. it is not referred to as RMC-Nevada or RMC-Indiana).

The Illinois cause of action was filed in the circuit court of Cook County, Illinois. Plaintiffs' amended complaint for declaratory relief also concerned insurance coverage for the property located in Attica, Indiana.

Defendants filed a motion to dismiss the Illinois action pursuant to section 2-619(a)(3) alleging that the Illinois and Indiana actions were the same causes of action between the same parties. The circuit court granted defendants' motion, without prejudice. Plaintiffs filed a motion for reconsideration, which the circuit court denied.

Plaintiffs now appeal.

On appeal, plaintiffs first contend the circuit court's determination that the Indiana cause of action involved the same parties as the Illinois action was erroneous.

Section 2-619 (a)(3) of the Code permits a defendant to seek a dismissal or a stay when there is another action pending between the same parties for the same cause. Village of Mapleton v. Cathy's Tap, Inc., 313 Ill. App. 3d 264, 266 (2000). This does not mean that the parties must be identical in both actions; rather, a substantial similarity is sufficient. Phillips Electronics, N.V. v. New Hampshire Insurance Co., 295 Ill. App. 3d 895, 904-05 (1998). We also consider the propriety of the circuit court's order in light of additional factors including: (1) comity; (2) the prevention of multiplicity, vexation and harassment; (3) the likelihood of obtaining complete relief in a foreign jurisdiction; and (4) the *res judicata* effect of a foreign judgment on the local forum. Village of Mapleton, 313 Ill. App. 3d at 267. "Comity" refers to respecting the laws and judicial decisions of other jurisdictions out of deference. See May v. SmithKline Beecham Clinical Laboratiories, Inc., 304 Ill. App. 3d 242, 248 (1999). We review the circuit court's determination for an abuse of discretion. Village of Mapleton, 313 Ill. App. 3d at 266.

The circuit court found that the Illinois action was "nearly a mirror image" of the parties and issues involved in the Indiana action. On the issue of comity, the court found that it should defer to the Indiana court because there was a substantial likelihood of divergent outcomes. The court also found that continuing with the cause would be

1-05-3521

duplicative and dismissal was proper to avoid multiplicity, vexation and harassment.

The court further found that plaintiffs could have their cause fully litigated in Indiana and

obtain relief on its legal and factual defenses and that the judgment would have a *res*

*judicata* effect in Illinois.

Here, we find that the circuit court's findings were not an abuse of discretion.  All

of the parties in the Illinois action are included within the Indiana action.  Although Radio

Materials Corporation is not listed as a defendant in the Indiana action, the complaint

filed in that action makes clear that Kraft is representing Radio Materials Corporation's

interests in the litigation, as its attorney-in-fact and agent.  Pursuant to section 2-

619(a)(3) of the Code, the parties need not be identical; rather, they need be

substantially similar.  We find that the parties are substantially similar within the

meaning of section 2-619(a)(3).

Turning to the additional factors, we find they weigh in favor of dismissal.  As the

circuit court stated, it is possible that principles of comity would be violated if the Illinois

action proceeded because the Illinois court could reach a result inconsistent with the

Indiana court.  Allowing the Illinois action to proceed would also result in multiple

litigation, which should be avoided.  Plaintiffs will be able to obtain complete relief

through the Indiana court's adjudication of the issues involved.  Further, the issues

litigated before the Indiana court would be *res judicata* in an Illinois court.  Having

considered these additional factors as well as the circuit court's analysis of the factors,

we find that the circuit court did not abuse its discretion in dismissing the Illinois action.

We now turn to plaintiff's specific contentions regarding the circuit court's findings. Plaintiffs contend the court's analysis was "incorrect" and "incomplete" because neither RMC-Nevada nor RMC-Indiana is a party in the Indiana action and both parties are necessary parties. Plaintiffs further maintain that because the relationship between RMC-Nevada and RMC-Indiana is unknown, Kraft is unable to demonstrate that RMC-Indiana is either the same corporation or a continuation of RMC-Nevada or that RMC-Indiana has rights under RMC-Nevada's insurance policies.

We find that plaintiffs' contentions have strayed from the issue at hand. The questions of whether RMC-Nevada and RMC-Indiana are necessary parties, as well as their legal relationship with one another, should be brought before and addressed by the Indiana court. Our analysis addresses whether the parties in both actions are substantially similar. And, we note that the "same parties" element is satisfied where the litigants' interests are sufficiently identical even though they may differ in name or number. Cummings v. Iron Hustler Corp., 118 Ill. App. 3d 327, 333 (1983).

Lastly, plaintiffs contend that even if the "same parties" factor was satisfied, the circuit court should have permitted the action to proceed because of Illinois's "legitimate and substantial" connection to the parties and their dispute. Plaintiffs argue that the circuit court applied an erroneous standard in its analysis, believing that it had to dismiss the Illinois cause because it did not find that Illinois had any greater interest in the litigation than did Indiana. Plaintiffs refer to the portion of the circuit court's opinion that stated:

"And although there is a relationship between Illinois and this dispute, the Court finds it very difficult to suggest that there is any more substantial relationship than Indiana has with this dispute. Illinois' relationship in that context is not more substantial than that of Indiana."

Plaintiffs primarily rely on our supreme court's opinion in A.E. Staley Manufacturing Co. v. Swift & Co., 84 Ill. 2d 245 (1980). In Staley, the circuit court had concluded that it was required to dismiss the plaintiff's cause of action because a similar cause of action had been previously filed in another state. The circuit court believed it had no discretion and that dismissal was mandatory. The supreme court held that dismissal of a cause is not always mandated when there are two pending actions between the same parties for the same cause. The supreme court found that because the cause had a legitimate and substantial relation to Illinois, the circuit court erred in dismissing the cause.

Plaintiffs ask this court to find that the litigation has a legitimate and substantial relation to Illinois because the insurance policies were allegedly issued by Illinois based insurers (Continental Casualty and American Casualty) to an Illinois-based insured (RMC-Nevada) through an Illinois broker. Additionally, Kraft, one of the plaintiffs, has its principal place of business in Illinois.

Defendants, on the other hand, contend that merely because some Illinois courts have permitted cases with a legitimate and substantial relation to Illinois to proceed despite a previously filed case does not mean that it is an abuse of discretion for a court

not to do so.

Here, we do not believe the circuit court applied an erroneous standard in its analysis. We disagree with the conclusion that plaintiffs have attributed to the court's statement. We do not interpret the court's statement as indicating the court's belief that, unless it found that Illinois had a more substantial interest in the litigation than did Indiana, it must dismiss the action. The circuit court's order, taken as a whole, makes clear that it weighed the appropriate factors in reaching its conclusion to dismiss the Illinois cause. Simply because this cause does have some connection with Illinois does not mean that it was an abuse of discretion for the circuit court to dismiss it in favor of the previously filed Indiana cause. We find that the circuit court's determination was not an abuse of discretion.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

HOFFMAN and ERICKSON, J.J., concur.