Filed 5/19/08            NO. 4-07-0614

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In re: the Estate of CHARLES RAY    )    Appeal from
HOCH, Deceased,                     )    Circuit Court of
MICHELLE I. GIRARDIN, Independent   )    Champaign County
Executrix,                          )    No. 07P11
     Petitioner-Appellant,        )
     v.                           )    Honorable
MICHAEL ALLEN HOCH,                 )    Charles McRae Leonhard,
     Respondent-Appellee.         )    Judge Presiding.

_____

JUSTICE TURNER delivered the opinion of the court:

In January 2007, petitioner, Michelle I. Girardin, filed a petition for letters testamentary in the circuit court of Champaign County along with the purported will of Charles Ray Hoch. The court thereafter admitted the will to probate and appointed Girardin as independent executrix. In February 2007, respondent, Michael Allen Hoch, filed a motion for a temporary restraining order and a preliminary injunction to enjoin Girardin from performing any duties as independent executrix as he had been appointed independent administrator of Charles' estate in civil district court in Louisiana. The circuit court of Champaign County sua sponte vacated its order admitting the will to probate, revoked Girardin's letters of office, and dismissed this action because of the pending Louisiana case.

On appeal, Girardin argues the circuit court erred in sua sponte dismissing her Illinois action to administer Charles'

estate because of a similar action pending in Louisiana.  We affirm.

## I. BACKGROUND

Initially, the parties involved in this appeal necessitate an introduction.  Charles Ray Hoch died on May 17, 2006, in New Orleans, Louisiana.  He was survived by his mother, Joanne Hoch, and his siblings, Mary Ann Moore, Michael Hoch, Richard Hoch, and Katherine Ottney, all of whom are residents of Illinois.  At the time of his death, Charles was living in New Orleans with Girardin, a resident of Louisiana.

In July 2006, Michael Hoch was appointed independent administrator of his brother's estate in civil district court in New Orleans pursuant to Louisiana law.  Michael filed a petition for possession, claiming Charles died leaving no valid will.  The petition indicated Charles left a will that was invalid under Louisiana law and attached the will as an exhibit.  Michael asked that the will be declared invalid and that succession be opened under the laws of intestate proceedings.  Thereafter, Girardin entered her appearance in the Louisiana proceeding.

In November 2006, Girardin filed an answer to the petition for possession in Louisiana, claiming the attached will was valid under Illinois law, that Charles was a resident of Champaign County, and Girardin would present the will for probate in Illinois.  Girardin filed the will in Champaign County on

- 2 -

November 17, 2006, including a certification that the will was on file in the civil district court for the Parish of Orleans.

In January 2007, Girardin filed a petition for letters testamentary in Champaign County, stating Charles' will named her as executrix and as beneficiary. Girardin attached the same document purported to be Charles' will as Michael had attached to his petition for possession in Louisiana. The petition stated Charles' estate consisted of $450,000 in stock in Big Easy Pawn Shop, Inc., real estate, and miscellaneous assets. Charles' alleged will was signed on March 11, 1999, in New Orleans, and he left his entire estate to Girardin. Two other family members were named as contingent beneficiaries. Charles indicated he was a resident of Champaign County. He also directed his personal representative to "take all actions legally permissible to have the probate of [his] will done as simply and as free of court supervision as possible under the laws of the state having jurisdiction over this will." Girardin did not reference the Louisiana proceedings in her petition. In the circuit court of Champaign County, Judge Leonhard admitted Charles' will to probate and appointed Girardin as independent executrix.

In February 2007, Michael filed a motion for temporary restraining order and preliminary injunction in Champaign County. He alleged Charles was not a resident of Illinois and only resided in his mother's home on a temporary basis following the

- 3 -

aftermath of Hurricane Katrina. Michael claimed the will filed in Champaign County was improperly executed and was invalid because it did not conform to the requirements of Louisiana law. Michael also claimed Charles' mother and siblings would inherit his estate under Louisiana law and Girardin filed her petition for letters testamentary to bypass the law and improperly inherit the estate.

Michael also filed a petition for revocation of letters of office and a motion to vacate the order admitting the will to probate. Girardin filed a motion to dismiss Michael's motion for temporary restraining order and preliminary injunction.

Following arguments by both parties, the circuit court of Champaign County found it readily apparent that an action between the same parties and for the same cause was then pending in Louisiana. On its own motion, the court vacated the order admitting the will to probate and revoked Girardin's letters of office pursuant to section 2-619(a)(3) of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619(a)(3) (West 2006)). The court found the remaining motions moot and dismissed the case.

In March 2007, Girardin filed a motion to reconsider, arguing the circuit court's sua sponte dismissal under section 2-619(a)(3) deprived her of her due-process rights to notice and the opportunity to present her claim. She argued Charles' will

established prima facie evidence that he was an Illinois resident.  She also noted Charles bought and registered his motor home in Illinois and listed a Champaign address as his residence.  In June 2007, the court denied the motion.  The court indicated it vacated the prior orders "because the record at the time belatedly established that there was an action pending in Louisiana stemming from the death of [Charles] and that an estate representative had previously been appointed."  The court adhered to its view "that the probate proceedings in this case were properly dismissed as a matter of judicial discretion in order to avoid both duplicative litigation and potentially conflicting rulings by two separate courts neither of which can hold sway over the other."  This appeal followed.

## II. ANALYSIS

Girardin argues the circuit court erred in dismissing her cause of action to administer Charles' will as the validity of the will should not be controlled by the intestate proceedings in Louisiana.  We disagree.

Section 2-619(a)(3) of the Procedure Code allows for the dismissal of a cause of action if "there is another action pending between the same parties for the same cause."  735 ILCS 5/2-619(a)(3) (West 2006).  The purpose of section 2-619(a)(3) is to avoid duplicative litigation.  In re Marriage of Epsteen, 339 Ill. App. 3d 586, 593, 791 N.E.2d 175, 182 (2003).  "In its

- 5 -

discretion, the trial court should consider four factors: (1) comity; (2) the prevention of multiplicity, vexation, and harassment; (3) the likelihood of obtaining complete relief in a foreign jurisdiction; and (4) the res judicata effect of a foreign judgment in the local forum."  Hapag-Lloyd (America), Inc. v. Home Insurance Co., 312 Ill. App. 3d 1087, 1091, 729 N.E.2d 36, 40 (2000).  On appeal, a circuit court's decision to dismiss pursuant to section 2-619(a)(3) will not be overturned absent an abuse of discretion.  Continental Casualty Co. v. Radio Materials Corp., 366 Ill. App. 3d 345, 347, 851 N.E.2d 857, 860 (2006).

In the case sub judice, it is readily apparent that the Illinois and Louisiana actions involve the same parties.  "The 'same parties' requirement of section 2-619(a)(3) is satisfied 'where the litigants' interests are sufficiently similar, even though the litigants differ in name or number.'"  Combined Insurance Co. of America v. Certain Underwriters at Lloyd's, London, 356 Ill. App. 3d 749, 754, 826 N.E.2d 1089, 1094 (2005), quoting Doutt v. Ford Motor Co., 276 Ill. App. 3d 785, 788, 659 N.E.2d 89, 92 (1995).  Here, Charles' relatives and Girardin are actively involved in both actions with each side intimately interested in the disposition of Charles' estate.

Under section 2-619(a)(3), "actions involve the 'same cause' when the relief requested is based on substantially the

same set of facts." Combined Insurance, 356 Ill. App. 3d at 753, 826 N.E.2d at 1094. In determining whether the two actions are for the same cause, "the crucial inquiry is whether both arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof, or relief sought materially differs between the two actions." Jackson v. Callan Publishing, Inc., 356 Ill. App. 3d 326, 337, 826 N.E.2d 413, 425 (2005).

Here, both court proceedings arose out of Charles' death. Michael's action in Louisiana sought the intestate distribution of Charles' estate. Girardin sought to probate Charles' will in her Illinois action. Both causes center on the validity of Charles' will and how his estate will be distributed once the validity of the will is determined. Thus, the actions pending involve the same parties for the same cause.

Given that the same parties and the same cause are involved in these actions, we now turn to the circuit court's decision to sua sponte dismiss Girardin's Illinois action pursuant to section 2-619(a)(3). In this case, Michael initiated the matter in Louisiana by filing his petition for possession in July 2006. Girardin also became involved in the Louisiana action before filing her petition in Illinois in January 2007. Thus, the Louisiana action preceded the Illinois matter and was still pending. Further, having dual proceedings on the same matter risks the possibility of multiple and inconsistent rulings as to

the proper distribution of Charles' estate.  Such a result would be calamitous considering the separate jurisdictions and the complexities of enforcing inconsistent judgments.

Girardin, however, argues the circuit court erred in dismissing her action, claiming section 2-619(a)(3) of the Procedure Code does not override the Probate Act of 1975 (Probate Act) (755 ILCS 5/1-1 through 30-3 (West 2006)) and its provisions concerning the place of probate, the admission of a will to probate, and the administration of the estate.  See 755 ILCS 5/1-6, 5-1, 6-4, 7-1 (West 2006).  The Procedure Code applies to all proceedings under the Probate Act except as otherwise provided.  755 ILCS 5/1-6 (West 2006).  However, the provisions cited by Girardin do not mandate application of the Probate Act under the present circumstances.

Girardin also argues the circuit court's dismissal denies the estate the procedural protections of the Probate Act and will require a greater burden in Louisiana courts.  However, Girardin fails to explain why the Louisiana court cannot probate the alleged will based on Illinois law if appropriate.  Louisiana law sets forth certain requirements for determining the validity of testamentary dispositions and for, if necessary, the probate of foreign wills.  For example, article 3528 of the Louisiana Civil Code (La. Civ. Code Ann. art. 3528 (West 1994)) states:

"A testamentary disposition is valid as

to form if it is in writing and is made in conformity with: (1) the law of this state; or (2) the law of the state of making at the time of making; or (3) the law of the state in which the testator was domiciled at the time of making or at the time of death; or (4) with regard to immovables, the law that would be applied by the courts of the state in which the immovables are situated."

Also, article 2888 of the Louisiana Code of Civil Procedure (La. Code Civ. Proc. Ann. art. 2888 (West 2003)), states:

"A written testament subscribed by the testator and made *** in another state *** in a form not valid in this state, but valid under the law of the place where made, or under the law of the testator's domicile, may be probated in this state by producing the evidence required under the law of the place where made, or under the law of the testator's domicile, respectively."

These articles indicate the question of the validity of Charles' will can be determined in Louisiana courts. Moreover, the articles clearly reflect the significant importance of determining decedent's domicile. With regard to which state determines

- 9 -

decedent's domicile, we note section 3-202 of the Uniform Probate Code, which states as follows:

> "If conflicting claims as to the domicile of a decedent are made in a formal testacy or appointment proceeding commenced in this state, and in a testacy or appointment proceeding after notice pending at the same time in another state, the [c]ourt of this state must stay, dismiss, or permit suitable amendment in, the proceeding here unless it is determined that the local proceeding was commenced before the proceeding elsewhere.  The determination of domicile in the proceeding first commenced must be accepted as determinative in the proceeding in this state."  Uniform Probate Code, 8 U.L.A. 47, §3-202 (1997).

It has been stated that section 3-202 "requires that an interested person initiate litigation in the forum of his choice before litigation is started elsewhere or accept the risk of contesting decedent's domicile offered elsewhere."  31 Am. Jur. 2d Executors and Administrators §120, at 126 (2002).  As Michael first initiated proceedings in Louisiana, the circuit court's dismissal here was proper.

We note Girardin has already questioned the Louisiana court's jurisdiction in her answer to the petition for possession. Girardin can only speculate that she will not succeed under the will if the matter proceeds in the civil district court for the Parish of Orleans. Instead, we find nothing to indicate justice cannot prevail in this case when fully presented to the courts of Louisiana. Given the parties involved and the nature of the cause, along with the desire to avoid duplicative litigation, we find the court did not abuse its discretion in dismissing Girardin's Illinois action.

### III. CONCLUSION

For the reasons stated, we affirm the circuit court's judgment.

Affirmed.

APPLETON, P.J., and KNECHT, J., concur.