NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250363-U

NO. 4-25-0363

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 21, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* ESTATE OF WALTER T. IVERSON, Deceased, | ) | Appeal from the |
| | ) | Circuit Court of |
| (Paul Iverson, | ) | Stephenson County |
|     Plaintiff-Appellant, | ) | No. 24PR77 |
|     v. | ) | |
| Joshua Steinback, | ) | Honorable |
|     Defendant-Appellee). | ) | David M. Olson, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1  *Held:* The appellate court affirmed the trial court's dismissal of plaintiff's petition to admit the 1994 will.

¶ 2  This case arises from the December 2017 death of Walter T. Iverson. Walter was survived by plaintiff, Paul Iverson, his nephew, and defendant, Joshua Steinback, his great-nephew.

¶ 3  In February 2018, a purported will of Walter, executed in 2010, was filed in the McHenry County circuit court, and probate proceedings for Walter's estate commenced (case No. 18-PR-68). In August 2018, Steinback filed a petition to contest the validity of the will, which Iverson opposed. In May 2023, a jury trial was conducted on Steinback's petition contesting the 2010 will, after which the jury found that the 2010 will was not the last will of Walter. That case, in which Iverson has extensively participated, remains ongoing and highly contentious.

¶ 4 In November 2024, Iverson *pro se* filed a petition to admit a purported will of Walter executed in April 1994 in the circuit court of Stephenson County. Steinback entered his appearance in that case and filed a motion to strike, which the trial court interpreted as a motion to dismiss the Stephenson County action. Steinback argued that the case was duplicative of the ongoing McHenry County probate case. The court agreed with Steinback and granted his motion to dismiss pursuant to section 2-619(a)(3) of Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(3) (West 2024)).

¶ 5 Iverson appeals, arguing the trial court erred by dismissing his petition to admit the 1994 will. We disagree and affirm.

¶ 6                                    I. BACKGROUND

¶ 7                        A. The McHenry County Proceedings

¶ 8 As an initial matter, we note that although the record contains adequate information to render a decision in the present case, it lacks detail regarding the McHenry County proceedings in case No. 18-PR-68. However, we may take judicial notice of the trial court's orders in that case, which constitute public records. See *Bayview Loan Servicing, LLC v. Starks*, 2022 IL App (2d) 210056, ¶ 12 ("Courts of review may take judicial notice of matters that are readily verifiable from sources of indisputable accuracy." (Internal quotation marks omitted.)).

¶ 9 In February 2018, a third party filed in McHenry County a "Petition For Probate of Will and for Letters Testamentary," alleging that Walter had died on December 21, 2017, leaving a will dated September 25, 2010. Iverson witnessed the will, which specifically disinherited him and Steinback. If effectuated, the will would liquidate all of the estate's assets and leave the resulting funds to Walter's trust, which at its discretion would distribute his assets

- 2 -

to charitable organizations organized and operated for the benefit of disabled United States military veterans.

¶ 10    In August 2018, Steinback filed a petition to contest the validity of the 2010 will. He argued that (1) the will was a forgery or, alternatively, (2) Walter lacked capacity to execute the document. In September 2020, Iverson joined the litigation seeking to disqualify the attorneys representing Steinback. Iverson took the position that the 2010 will should be upheld, and he became an extremely active participant in this litigation, filing dozens of motions.

¶ 11    In May 2023, following a jury trial, the trial court entered an order setting aside Walter's 2010 will in accordance with the jury's verdict, which found that (1) the will was a forgery and (2) Walter did not sign it. The probate proceedings then continued intestate, with two heirs, Iverson and Steinback, each holding an equal 50% distributive share in the estate; those proceedings remain pending.

¶ 12    B. The Stephenson County Proceedings

¶ 13    In November 2024, Iverson *pro se* filed in Stephenson County a "Petition for Probate of Will and for Letters Testamentary." The petition sought to admit into probate a will dated April 13, 1994, and alleged that Walter died in December 2017 while a resident of Pearl City in Stephenson County. Iverson requested that letters of administration be issued to him.

¶ 14    In December 2024, Steinback filed a motion to strike Iverson's petition for probate of will. In the motion, Steinback argued that Iverson's petition should be dismissed because a prior probate action for Walter had been actively pending since 2018 in McHenry County—namely, McHenry County case No. 18-PR-68, as discussed earlier. Steinback alleged that the McHenry County case involved the same two heirs and noted that Iverson had actively participated in that litigation, which included a May 2023 jury verdict that the 2010 will

supported by Iverson was a forgery. Steinback claimed Iverson's new petition in Stephenson County was a bad faith "attempt to avoid and defeat the many rulings" in the McHenry County case and requested the petition be denied and the matter transferred.

¶ 15        Also in December 2024, Iverson filed a response, arguing that Stephenson County was the only proper venue to file the 1994 will because Walter was a resident there at his death. See 755 ILCS 5/5-1(a) (West 2024) (providing that venue for probating a will is proper in the county in which the decedent resided at the time of death). He contended McHenry County was an improper venue and accused Steinback of making irrelevant *ad hominem* attacks in a "futile attempt to maintain an intestate inheritance."

¶ 16        Later that month, the trial court conducted a hearing on the petition and Steinback's motion to strike. Following that hearing, the court issued a detailed six-page, single-spaced memorandum opinion, dismissing Iverson's petition to admit the 1994 will. The court *sua sponte* construed Steinback's motion to strike as a motion to dismiss pursuant to section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2024)). The court rejected Iverson's argument that venue was improper in McHenry County, noting that "there has been a probate of the decedent's estate pending in McHenry County, Illinois, for the past 7 years, and the issue of the 'proper place of probate' was either explicitly or implicitly addressed and cannot be, under any circumstance, collaterally attacked in this proceeding."

¶ 17        The trial court noted that under section 2-619(a)(3) of the Code, the movant had the burden to establish by clear and convincing evidence that the actions involved the "same cause" and "same parties." The court then wrote the following:

> "There is no dispute that the McHenry County proceeding meets the the [*sic*]
> 'same cause' test[—]the probate of the estate of Walter Iverson[—]and that it

meets the 'same parties' test [because] the two heirs of the decedent are the same two persons who have actively participated in the McHenry County case for the last 7 years. Once the 'same cause and same parties test' is met, such does not mandate automatic dismissal, and at that point the Court may consider the four '*Kellerman*[ *v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447-448 (1986),] factors'[—]the consideration of: 1) comity; 2) prevention of multiplicity, vexation, and harassment; 3) the likelihood of obtaining complete relief in a foreign jurisdiction[;] and 4) the *res judicata* effect of a foreign judgment. [Citation.] In a situation in which the concurrent cases are each pending in Illinois, the only *Kellerman* factor that truly applies is 'prevention of multiplicity, vexation, and harassment'. In this case, that Kellerman factor strongly favors dismissal of this cause in favor of the McHenry County proceeding.

Upon the determination that this cause cannot be maintained in Stephenson Couty, the Court could then take different approaches to complete the process. The Court could stay this proceeding pending the completion of the McHenry County case. That would be non-sensical here, because this 'newly discovered' 1994 Will must be addressed to the McHenry County Court in order to complete the McHenry County probate case. And, once the McHenry County probate case is completed, there is no other issue to be resolved. So, there is no reason to stay this Stephenson County case. The Court could transfer the proceeding, which it would certainly consider in a situation where the concurrent proceedings are in two different Illinois Counties. But, that would mean that someone would have to pay both a transfer fee to the Clerk of this County, and

another estate opening fee to the Court Clerk of McHenry County. All of that, with the only end game that the Estates would be consolidated anyway. It seems more sensible[—]if anyone is going to continue the pursuit of attempting to validate and implement this 1994 Will of the decedent[—]that the proponent of that Will bring it directly into the McHenry County estate that has been pending for 7 years."

¶ 18     The trial court ordered that Iverson's petition be dismissed, noting, "Said dismissal is without prejudice to the filing of any similar or identical requests for relief in McHenry County, Illinois, Circuit Court, as this Court concludes McHenry County is the only appropriate venue for any proceedings relating to the estate of Walter Iverson."

¶ 19     This appeal followed.

¶ 20                               II. ANALYSIS

¶ 21     Iverson appeals, arguing the trial court erred by dismissing his petition to admit the 1994 will in Stephenson County. We disagree and affirm.

¶ 22     As an initial matter, Steinback, as the appellee, did not file a brief in this matter. However, because we find the record in this case is simple and the issues can be easily decided without the aid of an appellee's brief, we will proceed to Iverson's arguments on appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 23                A. The Applicable Law and Standard of Review

¶ 24     Section 2-619(a)(3) of the Code provides for the dismissal of an action if "there is another action pending between the same parties for the same cause." 735 ILCS 5/2-619 (a)(3) (West 2024). "[A]ctions involve the 'same cause' when the relief requested is based on substantially the same set of facts." *Combined Insurance Co. of America v. Certain Underwriters*

*at Lloyd's London*, 356 Ill. App. 3d 749, 753 (2005). "[T]he crucial inquiry is whether both [actions] arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof, or relief sought materially differs between the two actions." *Jackson v. Callan Publishing, Inc.*, 356 Ill. App. 3d 326, 337 (2005).

¶ 25        The purpose of section 2-619(a)(3) of the Code is to avoid duplicative litigation. *In re Marriage of Epsteen*, 339 Ill. App. 3d 586, 593 (2003). "In its discretion, the trial court should consider four factors: (1) comity; (2) the prevention of multiplicity, vexation, and harassment; (3) the likelihood of obtaining complete relief in a foreign jurisdiction; and (4) the *res judicata* effect of a foreign judgment in the local forum." *Hapag-Lloyd (America), Inc. v. Home Insurance Co.*, 312 Ill. App. 3d 1087, 1091 (2000) (citing *Kellerman*, 112 Ill. 2d at 447-48).

¶ 26        Appellate courts will not reverse a trial court's decision to dismiss an action pursuant to section 2-619(a)(3) absent an abuse of discretion. *Continental Casualty Co. v. Radio Materials Corp.*, 366 Ill. App. 3d 345, 347 (2006).

¶ 27                              B. This Case

¶ 28        Iverson argues that the trial court's dismissal of his petition to admit the 1994 will was an abuse of discretion. He contends that the probate action in this case and the action in McHenry County are not for the same cause because the intestate probate of Walter's estate is wholly different than an action to admit Walter's will. He also argues that McHenry County is an improper venue, making Stephenson County the only appropriate venue for him to file his petition. Finally, he argues that the court did not have discretion to refuse probate of the 1994 will because the statutory requirements were met. We disagree with all of Iverson's claims.

¶ 29        Iverson's primary argument—that an intestate action and a testate action are not

the same cause for the purpose of dismissal under section 2-619(a)(3) of the Code—is unpersuasive. He improperly focuses on the distinction between testacy and intestacy instead of the underlying occurrence giving rise to the action from which the court proceedings in McHenry County and the present case arise—namely, Walter's death and the administration of his estate. Moreover, both causes center on the exact same ultimate issue—the final disposition of Walter's estate and the vindication of any heirship rights. Indeed, the most crucial factual question in the ultimate distribution of Walter's estate is the validity of the 1994 will, regardless of the county in which probate proceeds.

¶ 30         The same parties requirement is also clearly met. The test does not require identical parties but is satisfied when "the litigants' interests are sufficiently similar." (Internal quotation marks omitted.) *In re Estate of Hoch*, 382 Ill. App. 3d 866, 869 (2008). In the present case, Iverson and Steinback are the sole heirs, and, as such, they are both intimately interested in the disposition of Walter's estate in both proceedings.

¶ 31         This court's decision in *Hoch* is directly on point and strongly supports affirming the trial court's dismissal in the present case. In *Hoch*, an intestate probate action was filed in Louisiana. *Id.* at 867. A prospective heir responded by filing a will for probate in Illinois, claiming the decedent was an Illinois resident. *Id.* The trial court *sua sponte* dismissed the Illinois action pursuant to section 2-619(a)(3), finding it was for the same cause as the pending Louisiana action. *Id.* at 868.

¶ 32         On appeal, this court affirmed the dismissal. We concluded that both the same parties—litigants intimately interested in the disposition of the estate—and the same cause— both actions (1) arising from the decedent's death and (2) centering on the identical issues of the will's validity and the estate's ultimate distribution—elements were met. *Id.* at 870. We further

noted (1) the priority of the first-filed action and (2) the "calamitous" risk of multiple and inconsistent rulings from allowing dual proceedings to continue. *Id.*

¶ 33 Iverson's arguments and the facts of the present case differ only slightly from those of *Hoch*, and, as in *Hoch*, those arguments fail. Iverson's argument that he cannot obtain relief in McHenry County because the 1994 will is not at issue in that court is circular. The simple and obvious solution, as the trial court noted, is for Iverson to submit the will in the pending McHenry County action.

¶ 34 His argument that because venue is improper in McHenry County he cannot submit the will in that case is likewise unpersuasive. As the trial court found, probate of the estate has been ongoing in McHenry County for over seven years, and Iverson has been an active participant in those proceedings. He cannot litigate in a forum for seven years and then, only after receiving unfavorable rulings, claim the venue was improper from the start and collaterally attack those proceedings. See 735 ILCS 5/2-104(b) (West 2024) (providing that all objections of improper venue are waived unless the defendant files a motion to transfer within the time for responding to the complaint).

¶ 35 Finally, his argument that the trial court *must* admit the will under the Probate Act of 1975 (Probate Act) (755 ILCS 5/1-1 *et seq.* (West 2024)) because the statutory requirements were met is incorrect. We rejected this same argument in *Hoch*, explaining that the Code, including section 2-619(a)(3), applies to probate matters and that its application did not mandate the Illinois court to hear the case under those circumstances. *Hoch*, 382 Ill. App. 3d at 870.

¶ 36 After reviewing the trial court's comprehensive memorandum opinion and order, we conclude the court did not abuse its discretion by dismissing the petition. Dismissal in this case (1) prevents multiplicity, vexation, and harassment, (2) aligns with Illinois's long-standing

policy favoring the orderly administration of estates, (3) supports the Probate Act's objective of providing a single forum for settling the parties' rights (*Estate of Jeziorski*, 162 Ill. App. 3d 1057, 1062 (1987)), and (4) is squarely warranted by this court's decision in *Hoch*.

¶ 37   As a final matter, we thank the trial court for its thorough written judgment, which we found very helpful in resolving this case.

¶ 38                              III. CONCLUSION

¶ 39   For the reasons stated, we affirm the trial court's judgment.

¶ 40   Affirmed.